```
                  UNITED STATES DISTRICT COURT
                    DISTRICT OF CONNECTICUT
```

PAUL B. GRAZIANI,                   :

    Plaintiff,                     :
                                                   PRISONER
V.                                  :   CASE NO. 3:11-CV-1615(RNC)

PETER MURPHY, et al.,               :

    Defendants.                    :

## INITIAL REVIEW ORDER

Plaintiff Paul B. Graziani is a sentenced inmate in the custody of the Connecticut Department of Correction ("DOC") at MacDougall-Walker Correctional Institution. He brings this action pro se and in forma pauperis under 42 U.S.C. § 1983 against the warden of MacDougall-Walker and a former assistant warden claiming that they have violated his rights by denying him contact visits. For reasons explained below, the action is dismissed for failure to state a claim on which relief can be granted.

Under 28 U.S.C. § 1915A, a court is required to review a prisoner's complaint and dismiss any part of it that is frivolous or malicious, fails to state a claim on which relief may be granted, or seeks monetary relief against a defendant who is immune from such relief. The court must assume the truth of the allegations in the complaint and interpret them liberally to "raise the strongest arguments [they] suggest[]." *Abbas v. Dixon*, 480 F.3d 636, 639 (2d Cir. 2007). A complaint is adequately pleaded if it alleges "enough facts to state a claim

to relief that is plausible on its face." *Bell Atlantic v. Twombly*, 550 U.S. 544, 570 (2007).

I. The Complaint

The complaint alleges the following, either directly or by reference to other documents. Under DOC Administrative Directive 10.6 K(1), level 4 inmates meeting certain eligibility criteria "may be afforded contact visits." One of the eligibility criteria requires that the inmate be "free of Class A disciplinary reports for two (2) years, unless waived by the Unit Administrator." In November 2010, the plaintiff, a level 4 inmate, received a Class A disciplinary report for "security tampering" and pleaded guilty. The violation had nothing to do with visitation. Under Administrative Directive 10.6 K(1), the Class A violation automatically rendered the plaintiff ineligible for contact visits for a period of two years. On being notified of this, plaintiff asked that his eligibility for contact visits be restored. In support of his request, he wrote that denying an inmate contact visits as a sanction for misconduct unrelated to visitation violates due process, citing Kozlowski v. Coughlin, 871 F.2d 241 (2d Cir. 1989). The defendants denied the request based on Administrative Directive 10.6 K(1). Plaintiff then brought this action seeking an order restoring his eligibility for contact visits and prohibiting the defendants from denying contact visits as a sanction for misconduct unrelated to visitation.

2

II.  Analysis

Plaintiff brings this case under 42 U.S.C. § 1983, which provides that "[e]very person" who acts "under color of" state law to deprive another of federal constitutional rights shall be liable in a suit for damages.  Section 1983 enables a person whose federal rights have been violated by a state official to bring suit in federal court to recover money damages for the violation.  In this case, there is no question that the defendants were acting under color of state law when they rejected the plaintiff's request for restoration of contact visits.  The only issue is whether the complaint alleges facts showing that the defendants have deprived the plaintiff of a federal right.

The complaint is properly construed as invoking the Due Process Clause of the Fourteenth Amendment, which provides: "nor shall any State deprive any person of life, liberty or property, without due process of law."  More specifically, the complaint is properly construed as alleging that the suspension of plaintiff's eligibility for contact visits for a period of two years pursuant to Administrative Directive 10.6 K(1) violates the substantive due process mandate of the Fourteenth Amendment.

In *Overton v. Bazzetta*, 539 U.S. 126 (2003), the Supreme Court considered a substantive due process challenge to state regulations placing restrictions on visits with prison inmates. One of the challenged regulations authorized prison officials to

3

deny visits of any sort - contact or noncontact - to inmates with two substance abuse violations. The restriction applied to all visitors except attorneys and members of the clergy. An inmate subject to this restriction could apply for reinstatement of visitation privileges after two years. The Court recognized that this ban on visits by family and friends was "severe." Even so, the Court sustained the regulation. The Court explained that "[w]ithdrawing visitation privileges is a proper and even necessary management technique to induce compliance with the rules of inmate behavior, especially for high-security prisoners who have few other privileges to lose." 539 U.S. at 134.

In light of the decision in *Overton*, plaintiff's substantive due process challenge to DOC Administrative Directive 10.6 K(1) must be rejected. *Overton* clearly permits DOC officials to deny contact visits to level 4 inmates who commit a Class A disciplinary violation in order to deter the inmate and others from committing such violations. The deterrence rationale upheld in *Overton* as a sufficient penological justification for denying an inmate all visits with family and friends logically applies whether or not the inmate's disciplinary violation relates to visitation.

Plaintiff's reliance on *Kozlowski* is unavailing. That case involved a consent decree restricting the authority of corrections officials to deny visitation as a sanction. Nothing in the *Koslowski* opinion suggests that the Constitution itself

prohibits corrections officials from revoking visiting privileges as a disciplinary measure. Indeed, plaintiff's argument that denial of contact visits cannot be used as a sanction unless the violation involves visitation finds no support in *Overton*. There is no indication that the regulation at issue there applied only to inmates whose substance abuse violations involved visitation.

To the extent the allegations of the complaint can be construed as raising a claim of procedural due process, any such claim is also unavailing as a matter of law. A procedural due process claim would require the plaintiff to establish that his interest in having contact visits is among the interests protected by the Fourteenth Amendment's Due Process Clause. Under *Kentucky Department of Correction v. Thompson*, 490 U.S. 454 (1989), an inmate does not have a constitutionally protected interest in visits unless state law makes it clear that prison officials have no authority to deny visits. See *id.* at 460-61. Even when the *Thompson* standard is met, no constitutionally protected interest exists unless the denial of visits imposes an atypical and significant hardship beyond the normal incidents of prison life. See *Sandin v. Connor*, 515 U.S. 472 (1995).

In light of *Thompson* and *Sandin*, plaintiff cannot maintain a challenge to the suspension of his eligibility for contact visits as a violation of procedural due process. Under Connecticut law, visitation is viewed as a privilege, not an entitlement. See *Henderson v. Commissioner of Correction*, 66 Conn. App. 868, 869

5

(2001); Santiago v. Commissioner of Correction, 39 Conn. App. 674, 680 (1995). See also Calderon v. Lantz, 2006 WL 2092080, *4 (D. Conn. 2006). Indeed, defendants' application of Administrative Directive 10.6 K(1) to the plaintiff is explicitly authorized by the regulation. Thus, recognizing a procedural due process claim in this case would be contrary to Thompson. In addition, recognizing such a claim would be contrary to Sandin. As the Supreme Court observed in Overton, "withdrawal of visitation privileges for a limited period as a regular means of effecting prison discipline . . . is not a dramatic departure from accepted standards for conditions of confinement." 539 U.S. at 137 (citing Sandin, 515 U.S. 472, 485 (1995).[1]

III. Conclusion

Accordingly, the complaint is hereby dismissed pursuant to 28 U.S.C. § 1915A(b)(1) for failure to state a claim on which relief can be granted. When a prisoner's pro se complaint is dismissed on this basis, the prisoner ordinarily should be given an opportunity to file an amended complaint to correct any pleading deficiencies. In this instance, however, giving the plaintiff an opportunity to replead would be futile. The Clerk

---

[1] The complaint seems to allege that the denial of contact visits violates the Ex Post Facto Clause. However, "[d]isciplinary measures imposed on inmates for failing to obey orders . . . do not violate the Ex Post Facto Clause." Gilbert v. Peters, 55 F.3d 237, 239 (7th Cir. 1995); see also Jones v. Murray, 962 F.2d 302, 309 (4th Cir.)(Ex Post Facto Clause does not prevent prison administrators from adopting and enforcing reasonable regulations to advance prison administration including denial of privileges).

will therefore enter a judgment dismissing the action with prejudice. Because reasonable jurists could not disagree that the complaint fails to state a claim on which relief can be granted, no certificate of appealability will be issued.

So ordered this 5th day of July 2012.

/s/
Robert N. Chatigny
United States District Judge
